**EXHIBIT A**
**INDEX OF STATE COURT DOCUMENTS**
**Cause No. C-1692-25-F**
**Terry Canales and Erica Canales v. Elisa Beristain, Maya Magazines, Inc., and Maya Publishing Group, LLC**
**In the 332nd Judicial District Court, Hidalgo County, Texas**

| Tab | Date Filed | Description | Pages |
|---|---|---|---|
| 1 | 04/14/2025 | Plaintiffs' Original Petition | 2-19 |
| 2 | 05/01/2025 | Plaintiffs' First Amended Petition | 20-37 |
| 3 | 06/23/2025 | Plaintiffs' Motion for Substitute Service | 38-40 |
| 4 | 07/02/2025 | Order Granting Motion for Substitute Service | 41-43 |
| 5 | 07/05/2025 | Return/Proof of Substitute Service on Defendant Elisa Beristain | 44-45 |

**C-1692-25-F**

CAUSE NO. _____

| | | |
|---|---|---|
| **TERRY CANALES AND** | § | **IN THE DISTRICT COURT** |
| **ERICA CANALES** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **ELISA BERISTAIN,** | § | |
| **TELEVISAUNIVISION A/K/A** | § | |
| **TELEVISA A/K/A UNIVISION A/K/A** | § | |
| **TVNOTAS, GRUPO TELEVISA** | § | |
| *Defendants*. | § | **HIDALGO COUNTY, TEXAS** |

<u>**PLAINTIFFS' ORIGINAL PETITION**</u>

NOW COMES, Plaintiff, **TERRY CANALES and ERICA CANALES**, and files this

petition, complaining of Defendants, **ELISA BERISTAIN, TELEVISAUNIVISION A/K/A**

**TELEVISA A/K/A UNIVISION A/K/A TVNOTAS, and GRUPO TELEVISA** and for

cause of action respectfully shows:

**I.**

**DISCOVERY-CONTROL PLAN**

Pursuant to Texas Rules of Civil Procedure Rule 190.1, Plaintiff intends to conduct

discovery in this case under Level 3.

**II.a.**

**VENUE**

Venue is proper in Hidalgo County, Texas pursuant to Section 15.002, TEX. CIV.

PRAC. & REM. CODE, in that all or part of Plaintiff's, causes of action occurred in Hidalgo

County, Texas. Venue is also proper in Hidalgo County, Texas pursuant to Section 15.007,

TEX. CIV. PRAC. & REM. CODE, in that the Plaintiffs resided in Hidalgo County at the time

the defamation occurred. The Court, therefore, has venue over all Defendants in this action.

The damages sought exceed the minimum jurisdictional limits of the Court.

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1692-25-F**

Furthermore, Section 15.017, TEX. CIV. PRAC. & REM. CODE, permits the Plaintiffs to choose the proper venue a suit for damages for libel, slander, or invasion of privacy. Accordingly, Plaintiffs resided in Hidalgo County, Texas at the time of the accrual of the causes of action set forth below, and choose Hidalgo County, Texas as proper venue.

## II.b.

## LONG-ARM JURISDICTION

Jurisdiction is proper in Hidalgo County, Texas pursuant to Sections 17.043 and 17.044(a)(3) and (b), and 17.045, TEX. CIV. PRAC. & REM. CODE, Defendant, **ELISA BERISTAIN, TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS, and GRUPO TELEVISA** are non-residents of the State of Texas, have committed torts in Texas, engage in business in Texas, and the cause of action arises all or in part in Hidalgo County, Texas.

## II.c.

## MISNOMER / ALTER EGO

In the event any parties are misnamed or are not included herein, it is the Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.

## PARTIES

Plaintiffs **TERRY CANALES** and **ERICA E. CANALES** are individuals residing in Hidalgo County, Texas.

Defendant, **ELISA BERISTAIN** is an individual residing in California who may be served with private process by serving her at **10064 Toluca Lake Ave, Toluca Lake, CA 91602**, **4145 Sunswept Dr., Studio City, CA 91604**, or **wherever she may be found.**

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

Furthermore, said Defendant does business in the State of Texas but has not designated and/or does not maintain a resident agent for service of process. Accordingly, said Defendant may also be served with process by serving the Texas Secretary of State as follows: **Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.** Plaintiffs request that citation be issued and Defendant be served by certified mail return receipt requested at the above-mentioned address, or wherever it may be found. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

Defendant, **TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS** is a Foreign Limited Liability Company/Organization doing business in Texas and was at all times material hereto doing business in Texas, but does not maintain a place of regular business and does not maintain a registered agent for service of process in Texas. The causes of action asserted herein arose from and/or are connected with purposeful acts committed by said Defendant in Texas, namely the broadcasting of news media. Defendant **TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS** has minimum contacts with the State of Texas necessary to establish specific and general personal jurisdiction over said Defendant in courts of the State of Texas. Defendant **TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS** conducts and solicits business in the State of Texas and has purposely directed its activities to residents of the State of Texas such that exercise of jurisdiction over the Defendant comports with and would not violate notions of fair play and substantial justice. Defendant's registered agent is: **C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD PLANTATION, FLORIDA 33324.** Said Defendant may be served with process by serving the Texas Secretary of State as follows: **Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.** Plaintiffs request that citation be issued and Defendant be

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1692-25-F**

served by certified mail return receipt requested at the above-mentioned address, or wherever

it may be found. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas

Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

Defendant, **GRUPO TELEVISA** is a Mexican company doing business in Texas and

was at all times material hereto doing business in Texas, but does not maintain a place of regular

business and does not maintain a registered agent for service of process in Texas. The causes

of action asserted herein arose from and/or are connected with purposeful acts committed by

said Defendant in Texas, namely the broadcasting of news media. Defendant **GRUPO**

**TELEVISA** has minimum contacts with the State of Texas necessary to establish specific and

general personal jurisdiction over said Defendant in courts of the State of Texas. Defendant

**GRUPO TELEVISA** conducts and solicits business in the State of Texas and has purposely

directed its activities to residents of the State of Texas such that exercise of jurisdiction over

the Defendant comports with and would not violate notions of fair play and substantial justice.

Defendant **GRUPO TELEVISA** may be served with process in person or by certified mail,

return-receipt requested at: **Avenida Vasco de Quiroga 2000, Colonia Santa Fe, Mexico,**

**D.F. 01210.** Service of process may be and is being perfected upon this Defendant pursuant to

the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or

Commercial Matters, commonly referred to as The Hague Convention.

## IV.

## AGENCY INCLUDING BUT NOT LIMITED TO VICARIOUS LIABILITY,
## RESPONDEAT SUPERIOR AND JOINT ENTERPRISE

Whenever in this Petition it is alleged that any of the above-named Defendants did any

act or thing, it is meant that Defendants, **ELISA BERISTAIN, TELEVISAUNIVISION**

**A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS, and GRUPO TELEVISA**,

their principals, vice-principals, officers, agents, servants, employees or representatives did

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1692-25-F**

such acts or things, and that at such time such acts or things were done, they were done with authorization or ratification of Defendants, and/or were done in a normal or routine course and scope of employment of the Defendants.

      Whenever in this Petition it is alleged that any of the above-named Defendants did any act or thing, it is meant that Defendants, **ELISA BERISTAIN, TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS, and GRUPO TELEVISA**, their principals, vice-principals, officers' agents, servants, employees or representatives did such acts or things in joint enterprise with another entity, and that at such time such acts or things were done, they were done with authorization or ratification of Defendants and were done in a normal or routine course and scope of employment of Defendants. Defendants were in joint enterprise with another entity AND/OR each other, in the following respects: (1) a joint interest in the object and purpose of the enterprise; (2) an equal right to direct and control the conduct of each other in the operation of the conveyance; each joint enterpriser had some voice and right to be heard in the control and management of the conveyance; and (3) each joint enterpriser had a common pecuniary interest in the enterprise.

### IV.a.

### REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION

      Plaintiffs hereby request correction, clarification, or retraction pursuant to Section 73.005 of the Texas Civil Practice and Remedies Code via their petition. *Hogan v. Zoanni*, 627 S.W.3d 163 (Tex. 2021).

      An article titled "Imelda Tuñón's lawyer accused of burning down Joan Sebastian's house to collect insurance" was published online at https://www.tvnotas.com.mx/espectaculos-mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian    on    or about March 8, 2025. Said publication is owned, maintained, and operated by Defendant

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

**TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS**. Said

article makes the following false and defamatory statements:

- "Imelda Tuñón's lawyer ["Terry Canales"] accused of burning down Joan Sebastian's house."

- "The main suspects in setting fire to the mansion, located in Texas, were Terry Canales, Imelda Tuñón's lawyer in the United States, in complicity with his wife, Erica."

- "Why did Imelda Tuñón's lawyer and Joan Sebastian's ex-wife allegedly burn down the singer's house?"

- "Canales and Erica are believed to be the prime suspects in the fire, as, according to investigations conducted at the time, the fire was allegedly set in an attempt to collect insurance claims."

- "It was determined that the incident may have been provoked, and there is a strong presumption that this action was intended to collect multi-million-dollar insurance on the property."

- "Elisa did not clarify whether, despite the authorities' suspicions, Erica and her current husband received the insurance money."

Furthermore, on or about March 12, 2025, a video was posted to

https://www.instagram.com/elisaberistain/ making additional false and defamatory statements

regarding Plaintiffs. Said account is owned, maintained, and operated by Defendant **ELISA**

**BERISTAIN**. Said account makes the following false and defamatory statements, including:

- "A person accused by the DEA of conspiracy [Esteban Alonzo] made payments to Terry Canales for his political campaign."

- "Terry Canales' political campaign was financed by Esteban Alonzo in order to run a ring of corruption in Edinburg, Texas."

The statements made by Defendants are defamatory on their face and are wholly false.

Plaintiffs request that they retract all statements made in their entirety.

**V.**

**FACTUAL BACKGROUND**

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

An article titled "Imelda Tuñón's lawyer accused of burning down Joan Sebastian's house to collect insurance" was published online at https://www.tvnotas.com.mx/espectaculos-mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian on or about March 8, 2025. Said publication is owned, maintained, and operated by Defendant **TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS**. Said article makes the following false and defamatory statements:

- "Imelda Tuñón's lawyer ["Terry Canales"] accused of burning down Joan Sebastian's house."

- "The main suspects in setting fire to the mansion, located in Texas, were Terry Canales, Imelda Tuñón's lawyer in the United States, in complicity with his wife, Erica."

- "Why did Imelda Tuñón's lawyer and Joan Sebastian's ex-wife allegedly burn down the singer's house?"

- "Canales and Erica are believed to be the prime suspects in the fire, as, according to investigations conducted at the time, the fire was allegedly set in an attempt to collect insurance claims."

- "It was determined that the incident may have been provoked, and there is a strong presumption that this action was intended to collect multi-million-dollar insurance on the property."

- "Elisa did not clarify whether, despite the authorities' suspicions, Erica and her current husband received the insurance money."

Furthermore, on or about March 12, 2025, a video was posted to https://www.instagram.com/elisaberistain/ making additional false and defamatory statements regarding Plaintiffs. Said account is owned, maintained, and operated by Defendant **ELISA BERISTAIN**. Said account makes the following false and defamatory statements, including:

- "A person accused by the DEA of conspiracy [Esteban Alonzo] made payments to Terry Canales for his political campaign."

- "Terry Canales' political campaign was financed by Esteban Alonzo in order to run a ring of corruption in Edinburg, Texas."

**TAB 1**

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

The statements made by the Defendants are defamatory on their face and are wholly false.

## VI.

## DEFAMATION- LIBEL AND SLANDER

Incorporate by reference the facts of this cause. All the Defendants published, caused to be published, or republished statements of fact to their viewing audience in Hidalgo County, Texas, as well as other parts of the United States of America and Mexico that referred to the Plaintiffs. These statements were Defamatory, Libelous, and Slanderous and were false. A reasonable viewer could have concluded that that the statements made and aired by the Defendants were conveying facts about the Plaintiffs. These statements were objectively verifiable by the Defendants. With regards to the truth of the statements made, the Defendants either knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages or they were published, and or republished with reckless disregard for its falsity and as a result the Plaintiffs have suffered serious harm.

## DEFAMATION- LIBEL PER SE

Incorporate by reference the facts of this cause. All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Libelous per se. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## DEFAMATION- LIBEL PER QUOD

Incorporate by reference the facts of this cause. All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Libelous per Quod.

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## DEFAMATION- SLANDER PER SE

Incorporate by reference the facts of this cause. All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Slanderous per se. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## DEFAMATION- SLANDER PER QUOD

Incorporate by reference the facts of this cause. All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Slanderous per Quod. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## STRICT LIABILITY DEFAMATION- LIBEL AND SLANDER

Incorporate by reference the facts of this cause. All the non-media Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false. With regards to the truth of the statements made, the Plaintiff does not need to prove the Defendants knew the statements were false, if the statements are indeed false. And, the Plaintiffs suffered pecuniary injury which is presumed. With regards to the truth of the statements made, the Defendants knew

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Incorporate by reference the facts of this cause. All the Defendants have acted intentionally and /or recklessly; All the Defendants conduct has been extreme and outrageous meaning so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; all of the Defendants conduct has caused the Plaintiff emotional distress; and, the emotional distress was and is severe.

## VII.

## DAMAGES

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendants defamatory actions. Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred, not only from a financial standpoint, but also in terms of good health, freedom from worry, emotional distress and mental anguish. There are certain elements of damages, provided by law that the Plaintiff is entitled to have. The Jury in this case will separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will be fair and reasonably compensate Plaintiff for each element are as follows:

    a.   General damages;

    b.   Special/Consequential damages past and future;

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

    c.   Economic/Pecuniary damages past and future;

    d.   Mental anguish past and future;

    e.   Emotional distress past and future;

    f.   Reputation past and future;

Texas law presumes that statements that are defamatory/libelous per se injure the victim's reputation and entitle him to recover general damages, including damages for pecuniary loss, loss of reputation and mental anguish.

## VIII.

## EXEMPLARY DAMAGES

The acts and/or omissions of the Defendants singularly, or in combination, were more than momentary thoughtlessness, inadvertence or error of judgment on the part of these Defendants but were done with the specific intent by the Defendants to substantially injure or harm the Plaintiffs – thereby amounting to malice and/or "gross neglect" as that term is defined by law. Such acts and/or omissions, as found by clear and convincing evidence, prove that the harm to Plaintiff resulted from malice, or gross negligence in that these Accordingly, Plaintiff seeks exemplary damages as a way of punishment for the acts complained of against Defendants, jointly and severally.

## IX.

## DAMAGES IN EXCESS OF $10,000,000.00

Plaintiffs contend further that nothing they did or failed to do contributed to the cause of the incident that is the basis of this suit. Plaintiff is requesting monetary relief not less than $**10,000,000.00**.

## X.

## CONDITIONS PRECEDENT

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1692-25-F**

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XI.

## DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to make the initial disclosures under Tex. R. Civ. P. 194.2(1)-(12) within thirty (30) days after the filing of the first answer or general appearance.

## XII.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents, photographs and experts and witnesses designated by Plaintiff and Defendant in response to written discovery produced may be used against the producing Defendants at any special appearance, pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## XIV.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs further reserve the right to amend her petition and ask for additional counts upon further discovery and as her investigation continues.

## XV.

## PRESERVE EVIDENCE

TAB 1

C-1692-25-F

Plaintiffs request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including but not limited to statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical record, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, and any electronic image or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## XVI.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that judgment be rendered against Defendants, **ELISA BERISTAIN, TELEVISAUNIVISION A/K/A TELEVISA A/K/A UNIVISION A/K/A TVNOTAS, and GRUPO TELEVISA** in a sum in excess of the minimum jurisdictional limits of this Court, costs of court, pre-judgment and post-judgment interests and for all other relief at law or in equity, to which they may show themselves lawfully and justly entitled.

Respectfully submitted,

/s/ Billy J. Chapa
State Bar No. 24116187
TERRY CANALES
ATTORNEY AT LAW, P.L.L.C.
310 S. Closner Blvd.
Edinburg, TX 78539
Phone: (956) 316-2223
Facsimile: (956) 316-2229
Email: bjchapa@rgvattorney.com
**ATTORNEY FOR PLAINTIFFS**

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1692-25-F**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date the Plaintiffs' Original Petition was filed, a true and correct copy of the attached *Request for Admissions, Requests for Production, and Interrogatories to the Defendants* were forwarded to Defendants together with Plaintiffs' Original Petition.

***Please consider these Requests for Admissions, Requests for Production, and Interrogatories served on the date after Initial Disclosures are due in accordance with Texas Rules of Civil Procedure 192.2.***

/s/ Billy J. Chapa
Billy J. Chapa

TAB 1

C-1692-25-F

## REQUESTS FOR ADMISSION TO DEFENDANTS

**REQUEST FOR ADMISSION NO. 1:** ADMIT or DENY that you have Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** ADMIT or DENY that you maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their Original Petition to cause harm to their individual, business, and economic interests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their Original Petition to cause harm to their reputation and economic interests individually, and their businesses reputation and economic interests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their Original Petition to cause harm to their reputation and economic interests individually, and their businesses reputation and economic interests; and knew this would intentionally inflict mental distress onto **TERRY CANALES AND ERICA CANALES**.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Do you admit or deny that the Defendants named herein, are responsible for publishing the social media posts listed on Defendant's account(s) regarding Plaintiff to intentionally and knowing maliciously Defame and Slandered **TERRY**

Case 7:25-cv-00383   Document 1-1   Filed on 08/03/25 in TXSD   Page 17 of 45

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1692-25-F

CANALES AND ERICA CANALES as alleged in their Original Petition to cause harm to their reputation and economic interests individually, and their businesses reputation and economic interests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Do you admit or deny that Defendants, are responsible for the damages and exemplary damages alleged in the Plaintiffs' Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Do you admit or deny that Plaintiffs have clear and convincing evidence to show that Defendants are responsible for the damages and exemplary damages alleged in the Plaintiffs' Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Do you admit or deny that Defendants are responsible for at least $10,000,000.00 in economic damages alleged in the Plaintiffs' Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Do you admit or deny that Defendants are responsible for the maximum amount of exemplary damages allowed by Texas Civil Practice & Remedies Code Section 41.008 where economic damages are at least $10,000,000.00 as alleged in the Plaintiffs' Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Do you admit or deny that Defendants do waive their right to have each element of exemplary damages to be proved up by Texas Civil Practice & Remedies Code Section 41.011; and Defendants further agree to allow the Court to award such exemplary damages based on evidence produced by an affidavit signed by the Plaintiffs.

**RESPONSE:**

## REQUESTS FOR PRODUCTION TO DEFENDANTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all reports and documents relied upon that prove the veracity of the claim that Plaintiffs were the prime suspects of the fire referenced in the article published by you at https://www.tvnotas.com.mx/espectaculos-mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian.

**RESPONSE:**

TAB 1

Electronically Filed
4/14/2025 3:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1692-25-F**

## INTERROGATORIES TO DEFENDANTS

**INTERROGATORY NO. 1:** Identify the names, titles, and dates you spoke to investigators, law enforcement officials, and other persons who provided information to Defendants which resulted in the publication at https://www.tvnotas.com.mx/espectaculos-mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian.

**RESPONSE:**

**TAB 1**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Billy Chapa on behalf of Terry Canales
Bar No. 24052947
bjchapa@rgvattorney.com
Envelope ID: 99644035
Filing Code Description: Petition
Filing Description:
Status as of 4/15/2025 8:18 AM CST

Associated Case Party: Terry Canales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy JChapa | | bjchapa@rgvattorney.com | 4/14/2025 3:37:31 PM | SENT |

Associated Case Party: EricaECanales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy J.Chapa | | bjchapa@rgvattorney.com | 4/14/2025 3:37:31 PM | SENT |

**TAB 1**

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

CAUSE NO. C-1692-25-F

| | | |
|---|---|---|
| **TERRY CANALES AND** | § | **IN THE DISTRICT COURT** |
| **ERICA CANALES** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **332ND JUDICIAL DISTRICT** |
| | § | |
| **ELISA BERISTAIN,** | § | |
| **MAYA MAGAZINES, INC, and** | § | |
| **MAYA PUBLISHING GROUP, LLC** | § | |
| *Defendants*. | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' FIRST AMENDED PETITION

NOW COMES, Plaintiff, **TERRY CANALES and ERICA CANALES**, and files this

petition, complaining of Defendants, **ELISA BERISTAIN, MAYA MAGAZINES, INC.**

**d/b/a TVNOTAS, and MAYA PUBLISHING GROUP, LLC d/b/a TVNOTAS** and for

cause of action respectfully shows:

### I.

### DISCOVERY-CONTROL PLAN

Pursuant to Texas Rules of Civil Procedure Rule 190.1, Plaintiff intends to conduct

discovery in this case under Level 3.

### II.a.

### VENUE

Venue is proper in Hidalgo County, Texas pursuant to Section 15.002, TEX. CIV.

PRAC. & REM. CODE, in that all or part of Plaintiff's, causes of action occurred in Hidalgo

County, Texas. Venue is also proper in Hidalgo County, Texas pursuant to Section 15.007,

TEX. CIV. PRAC. & REM. CODE, in that the Plaintiffs resided in Hidalgo County at the time

the defamation occurred. The Court, therefore, has venue over all Defendants in this action.

The damages sought exceed the minimum jurisdictional limits of the Court.

TAB 2

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

Furthermore, Section 15.017, TEX. CIV. PRAC. & REM. CODE, permits the Plaintiffs to choose the proper venue a suit for damages for libel, slander, or invasion of privacy. Accordingly, Plaintiffs resided in Hidalgo County, Texas at the time of the accrual of the causes of action set forth below, and choose Hidalgo County, Texas as proper venue.

## II.b.

## LONG-ARM JURISDICTION

Jurisdiction is proper in Hidalgo County, Texas pursuant to Sections 17.043 and 17.044(a)(3) and (b), and 17.045, TEX. CIV. PRAC. & REM. CODE, Defendant, **ELISA BERISTAIN, MAYA MAGAZINES, INC., and MAYA PUBLISHING GROUP, LLC** are non-residents of the State of Texas, have committed torts in Texas, engage in business in Texas, and the cause of action arises all or in part in Hidalgo County, Texas.

## II.c.

## MISNOMER / ALTER EGO

In the event any parties are misnamed or are not included herein, it is the Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.

## PARTIES

Plaintiffs **TERRY CANALES** and **ERICA E. CANALES** are individuals residing in Hidalgo County, Texas.

Defendant, **ELISA BERISTAIN** is an individual residing in California who may be served with private process by serving her at **10064 Toluca Lake Ave, Toluca Lake, CA 91602**, **4145 Sunswept Dr., Studio City, CA 91604**, **or wherever she may be found.** Furthermore, said Defendant does business in the State of Texas but has not designated and/or

**TAB 2**

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

does not maintain a resident agent for service of process. Accordingly, said Defendant may also be served with process by serving the Texas Secretary of State as follows: **Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.** Plaintiffs request that citation be issued and Defendant be served by certified mail return receipt requested at the above-mentioned address, or wherever it may be found. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

Defendant, **MAYA MAGAZINES, INC.** is a Foreign Limited Liability Company/Organization doing business in Texas and was at all times material hereto doing business in Texas, but does not maintain a place of regular business and does not maintain a registered agent for service of process in Texas. The causes of action asserted herein arose from and/or are connected with purposeful acts committed by said Defendant in Texas, namely the broadcasting of news media. Defendant **MAYA MAGAZINES, INC.** has minimum contacts with the State of Texas necessary to establish specific and general personal jurisdiction over said Defendant in courts of the State of Texas. Defendant **MAYA MAGAZINES, INC.** conducts and solicits business in the State of Texas and has purposely directed its activities to residents of the State of Texas such that exercise of jurisdiction over the Defendant comports with and would not violate notions of fair play and substantial justice. Defendant may be served at: **419 MICHIGAN AVE., MIAMI BEACH, FLORIDA 33139.** Said Defendant may be served with process by serving the Texas Secretary of State as follows: **Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.** Plaintiffs request that citation be issued and Defendant be served by certified mail return receipt requested at the above-mentioned address, or wherever it may be found. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

TAB 2

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

Defendant, **MAYA PUBLISHING GROUP, LLC** is a Foreign Limited Liability Company/Organization doing business in Texas and was at all times material hereto doing business in Texas, but does not maintain a place of regular business and does not maintain a registered agent for service of process in Texas. The causes of action asserted herein arose from and/or are connected with purposeful acts committed by said Defendant in Texas, namely the broadcasting of news media. Defendant **MAYA PUBLISHING GROUP, LLC** has minimum contacts with the State of Texas necessary to establish specific and general personal jurisdiction over said Defendant in courts of the State of Texas. Defendant **MAYA PUBLISHING GROUP, LLC** conducts and solicits business in the State of Texas and has purposely directed its activities to residents of the State of Texas such that exercise of jurisdiction over the Defendant comports with and would not violate notions of fair play and substantial justice. Defendant may be served at: **419 MICHIGAN AVE., MIAMI BEACH, FLORIDA 33139.** Said Defendant may be served with process by serving the Texas Secretary of State as follows: **Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.** Plaintiffs request that citation be issued and Defendant be served by certified mail return receipt requested at the above-mentioned address, or wherever it may be found. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

## IV.

## AGENCY INCLUDING BUT NOT LIMITED TO VICARIOUS LIABILITY, RESPONDEAT SUPERIOR AND JOINT ENTERPRISE

Whenever in this Petition it is alleged that any of the above-named Defendants did any act or thing, it is meant that Defendants, **ELISA BERISTAIN, MAYA MAGAZINES, INC., and MAYA PUBLISHING GROUP, LLC**, their principals, vice-principals, officers, agents, servants, employees or representatives did such acts or things, and that at such time such acts

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

or things were done, they were done with authorization or ratification of Defendants, and/or were done in a normal or routine course and scope of employment of the Defendants.

Whenever in this Petition it is alleged that any of the above-named Defendants did any act or thing, it is meant that Defendants, **ELISA BERISTAIN, MAYA MAGAZINES, INC., and MAYA PUBLISHING GROUP, LLC**, their principals, vice-principals, officers' agents, servants, employees or representatives did such acts or things in joint enterprise with another entity, and that at such time such acts or things were done, they were done with authorization or ratification of Defendants and were done in a normal or routine course and scope of employment of Defendants. Defendants were in joint enterprise with another entity AND/OR each other, in the following respects: (1) a joint interest in the object and purpose of the enterprise; (2) an equal right to direct and control the conduct of each other in the operation of the conveyance; each joint enterpriser had some voice and right to be heard in the control and management of the conveyance; and (3) each joint enterpriser had a common pecuniary interest in the enterprise.

## IV.a.

## REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION

Plaintiffs hereby request correction, clarification, or retraction pursuant to Section 73.005 of the Texas Civil Practice and Remedies Code via their petition. *Hogan v. Zoanni*, 627 S.W.3d 163 (Tex. 2021).

An article titled "Imelda Tuñón's lawyer accused of burning down Joan Sebastian's house to collect insurance" was published online at https://www.tvnotas.com.mx/espectaculos-mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian on or about March 8, 2025. Said publication is owned, maintained, and operated by Defendant **MAYA MAGAZINES, INC., and MAYA PUBLISHING GROUP, LLC**. Said article makes the following false and defamatory statements:

TAB 2

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

- "Imelda Tuñón's lawyer ["Terry Canales"] accused of burning down Joan Sebastian's house."

- "The main suspects in setting fire to the mansion, located in Texas, were Terry Canales, Imelda Tuñón's lawyer in the United States, in complicity with his wife, Erica."

- "Why did Imelda Tuñón's lawyer and Joan Sebastian's ex-wife allegedly burn down the singer's house?"

- "Canales and Erica are believed to be the prime suspects in the fire, as, according to investigations conducted at the time, the fire was allegedly set in an attempt to collect insurance claims."

- "It was determined that the incident may have been provoked, and there is a strong presumption that this action was intended to collect multi-million-dollar insurance on the property."

- "Elisa did not clarify whether, despite the authorities' suspicions, Erica and her current husband received the insurance money."

Furthermore, on or about March 12, 2025, a video was posted to

https://www.instagram.com/elisaberistain/ making additional false and defamatory statements

regarding Plaintiffs. Said account is owned, maintained, and operated by Defendant **ELISA**

**BERISTAIN**. Said account makes the following false and defamatory statements, including:

- "A person accused by the DEA of conspiracy [Esteban Alonzo] made payments to Terry Canales for his political campaign."

- "Terry Canales' political campaign was financed by Esteban Alonzo in order to run a ring of corruption in Edinburg, Texas."

The statements made by Defendants are defamatory on their face and are wholly false.

Plaintiffs request that they retract all statements made in their entirety.

### V.

### FACTUAL BACKGROUND

An article titled "Imelda Tuñón's lawyer accused of burning down Joan Sebastian's

house to collect insurance" was published online at https://www.tvnotas.com.mx/espectaculos-

mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian    on    or

TAB 2

Electronically Filed
5/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

about March 8, 2025. Said publication is owned, maintained, and operated by Defendant

**MAYA MAGAZINES, INC., and MAYA PUBLISHING GROUP, LLC**. Said article

makes the following false and defamatory statements:

- "Imelda Tuñón's lawyer ["Terry Canales"] accused of burning down Joan Sebastian's house."

- "The main suspects in setting fire to the mansion, located in Texas, were Terry Canales, Imelda Tuñón's lawyer in the United States, in complicity with his wife, Erica."

- "Why did Imelda Tuñón's lawyer and Joan Sebastian's ex-wife allegedly burn down the singer's house?"

- "Canales and Erica are believed to be the prime suspects in the fire, as, according to investigations conducted at the time, the fire was allegedly set in an attempt to collect insurance claims."

- "It was determined that the incident may have been provoked, and there is a strong presumption that this action was intended to collect multi-million-dollar insurance on the property."

- "Elisa did not clarify whether, despite the authorities' suspicions, Erica and her current husband received the insurance money."

Furthermore, on or about March 12, 2025, a video was posted to

https://www.instagram.com/elisaberistain/ making additional false and defamatory statements

regarding Plaintiffs. Said account is owned, maintained, and operated by Defendant **ELISA**

**BERISTAIN**. Said account makes the following false and defamatory statements, including:

- "A person accused by the DEA of conspiracy [Esteban Alonzo] made payments to Terry Canales for his political campaign."

- "Terry Canales' political campaign was financed by Esteban Alonzo in order to run a ring of corruption in Edinburg, Texas."

The statements made by the Defendants are defamatory on their face and are wholly

false.

## VI.

## DEFAMATION- LIBEL AND SLANDER

TAB 2

Incorporate by reference the facts of this cause.  All the Defendants published, caused to be published, or republished statements of fact to their viewing audience in Hidalgo County, Texas, as well as other parts of the United States of America and Mexico that referred to the Plaintiffs. These statements were Defamatory, Libelous, and Slanderous and were false. A reasonable viewer could have concluded that that the statements made and aired by the Defendants were conveying facts about the Plaintiffs. These statements were objectively verifiable by the Defendants.  With regards to the truth of the statements made, the Defendants either knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages or they were published, and or republished with reckless disregard for its falsity and as a result the Plaintiffs have suffered serious harm.

## DEFAMATION- LIBEL PER SE

Incorporate by reference the facts of this cause.  All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Libelous per se.  With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## DEFAMATION- LIBEL PER QUOD

Incorporate by reference the facts of this cause.  All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Libelous per Quod. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## DEFAMATION- SLANDER PER SE

TAB 2

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

Incorporate by reference the facts of this cause. All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Slanderous per se. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## DEFAMATION- SLANDER PER QUOD

Incorporate by reference the facts of this cause. All the Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false and imputed conduct that is Slanderous per Quod. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## STRICT LIABILITY DEFAMATION- LIBEL AND SLANDER

Incorporate by reference the facts of this cause. All the non-media Defendants published statements of fact that referred to the Plaintiff (a private Plaintiff) that were Defamatory, Libelous, and Slanderous that were false. With regards to the truth of the statements made, the Plaintiff does not need to prove the Defendants knew the statements were false, if the statements are indeed false. And, the Plaintiffs suffered pecuniary injury which is presumed. With regards to the truth of the statements made, the Defendants knew they were false, and they maliciously published these statements to intentionally cause harm and actual legal damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

TAB 2

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

Incorporate by reference the facts of this cause. All the Defendants have acted intentionally and /or recklessly; All the Defendants conduct has been extreme and outrageous meaning so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; all of the Defendants conduct has caused the Plaintiff emotional distress; and, the emotional distress was and is severe.

## VII.

## DAMAGES

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendants defamatory actions. Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred, not only from a financial standpoint, but also in terms of good health, freedom from worry, emotional distress and mental anguish. There are certain elements of damages, provided by law that the Plaintiff is entitled to have. The Jury in this case will separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will be fair and reasonably compensate Plaintiff for each element are as follows:

    a.   General damages;

    b.   Special/Consequential damages past and future;

    c.   Economic/Pecuniary damages past and future;

    d.   Mental anguish past and future;

    e.   Emotional distress past and future;

    f.   Reputation past and future;

TAB 2

Texas law presumes that statements that are defamatory/libelous per se injure the victim's reputation and entitle him to recover general damages, including damages for pecuniary loss, loss of reputation and mental anguish.

## VIII.

## EXEMPLARY DAMAGES

The acts and/or omissions of the Defendants singularly, or in combination, were more than momentary thoughtlessness, inadvertence or error of judgment on the part of these Defendants but were done with the specific intent by the Defendants to substantially injure or harm the Plaintiffs – thereby amounting to malice and/or "gross neglect" as that term is defined by law. Such acts and/or omissions, as found by clear and convincing evidence, prove that the harm to Plaintiff resulted from malice, or gross negligence in that these Accordingly, Plaintiff seeks exemplary damages as a way of punishment for the acts complained of against Defendants, jointly and severally.

## IX.

## DAMAGES IN EXCESS OF $10,000,000.00

Plaintiffs contend further that nothing they did or failed to do contributed to the cause of the incident that is the basis of this suit. Plaintiff is requesting monetary relief not less than $**10,000,000.00**.

## X.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XI.

## DISCLOSURES

TAB 2

Electronically Filed
9/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to make the initial disclosures under Tex. R. Civ. P. 194.2(1)-(12) within thirty (30) days after the filing of the first answer or general appearance.

## XII.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents, photographs and experts and witnesses designated by Plaintiff and Defendant in response to written discovery produced may be used against the producing Defendants at any special appearance, pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## XIV.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs further reserve the right to amend her petition and ask for additional counts upon further discovery and as her investigation continues.

## XV.

## PRESERVE EVIDENCE

Plaintiffs request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including but not limited to statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical record, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records,

TAB 2

Electronically Filed
5/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, and any electronic image or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## XVI.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that judgment be rendered against Defendants, **ELISA BERISTAIN, MAYA MAGAZINES, INC., and MAYA PUBLISHING GROUP, LLC** in a sum in excess of the minimum jurisdictional limits of this Court, costs of court, pre-judgment and post-judgment interests and for all other relief at law or in equity, to which they may show themselves lawfully and justly entitled.

Respectfully submitted,

/s/ Billy J. Chapa
State Bar No. 24116187
TERRY CANALES
ATTORNEY AT LAW, P.L.L.C.
310 S. Closner Blvd.
Edinburg, TX 78539
Phone: (956) 316-2223
Facsimile: (956) 316-2229
Email: bjchapa@rgvattorney.com
**ATTORNEY FOR PLAINTIFFS**

Electronically Filed
5/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date the Plaintiffs' First Amended Petition was filed, a true and correct copy of the attached *Request for Admissions, Requests for Production, and Interrogatories to the Defendants* were forwarded to Defendants together with Plaintiffs' First Amended Petition.

***Please consider these Requests for Admissions, Requests for Production, and Interrogatories served on the date after Initial Disclosures are due in accordance with Texas Rules of Civil Procedure 192.2.***

<u>/s/ Billy J. Chapa</u>
Billy J. Chapa

TAB 2

## REQUESTS FOR ADMISSION TO DEFENDANTS

**REQUEST FOR ADMISSION NO. 1:** ADMIT or DENY that you have Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** ADMIT or DENY that you maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition to cause harm to their individual, business, and economic interests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition to cause harm to their reputation and economic interests individually, and their businesses reputation and economic interests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** ADMIT or DENY that you intentionally and knowing maliciously Defamed and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition to cause harm to their reputation and economic interests individually, and their businesses reputation and economic interests; and knew this would intentionally inflict mental distress onto **TERRY CANALES AND ERICA CANALES**.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Do you admit or deny that the Defendants named

herein, are responsible for publishing the social media posts listed on Defendant's account(s) regarding Plaintiff to intentionally and knowing maliciously Defame and Slandered **TERRY CANALES AND ERICA CANALES** as alleged in their First Amended Petition to cause harm to their reputation and economic interests individually, and their businesses reputation and economic interests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Do you admit or deny that Defendants, are responsible for the damages and exemplary damages alleged in the Plaintiffs' First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Do you admit or deny that Plaintiffs have clear and convincing evidence to show that Defendants are responsible for the damages and exemplary damages alleged in the Plaintiffs' First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Do you admit or deny that Defendants are responsible for at least $10,000,000.00 in economic damages alleged in the Plaintiffs' First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Do you admit or deny that Defendants are responsible for the maximum amount of exemplary damages allowed by Texas Civil Practice & Remedies Code Section 41.008 where economic damages are at least $10,000,000.00 as alleged in the Plaintiffs' First Amended Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Do you admit or deny that Defendants do waive their right to have each element of exemplary damages to be proved up by Texas Civil Practice & Remedies Code Section 41.011; and Defendants further agree to allow the Court to award such exemplary damages based on evidence produced by an affidavit signed by the Plaintiffs.

**RESPONSE:**

## REQUESTS FOR PRODUCTION TO DEFENDANTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all reports and documents relied upon that prove the veracity of the claim that Plaintiffs were the prime suspects of the fire referenced in the article published by you at https://www.tvnotas.com.mx/espectaculos-

TAB 2

Electronically Filed
5/1/2025 10:17 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian.

**RESPONSE:**

## INTERROGATORIES TO DEFENDANTS

**INTERROGATORY NO. 1:** Identify the names, titles, and dates you spoke to investigators, law enforcement officials, and other persons who provided information to Defendants which resulted in the publication at https://www.tvnotas.com.mx/espectaculos-mexico/abogado-de-imelda-tunon-senalado-de-quemar-una-casa-de-joan-sebastian.

**RESPONSE:**

TAB 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Billy Chapa
Bar No. 24116187
bjchapa@rgvattorney.com
Envelope ID: 100317421
Filing Code Description: Amended Filing
Filing Description: PLAINTIFF'S FIRST AMENDED PETITION
Status as of 5/1/2025 2:51 PM CST

Associated Case Party: Terry Canales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy JChapa | | bjchapa@rgvattorney.com | 5/1/2025 10:17:34 AM | SENT |

Associated Case Party: EricaECanales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy J.Chapa | | bjchapa@rgvattorney.com | 5/1/2025 10:17:34 AM | SENT |

**TAB 2**

Electronically Filed
6/23/2025 11:01 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

CAUSE NO. C-1692-25-F

| | | |
|---|---|---|
| **TERRY CANALES AND** | § | **IN THE DISTRICT COURT** |
| **ERICA CANALES** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **332nd JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **ELISA BERSTAIN** | § | **HIDALGO COUNTY, TEXAS** |
| **MAYA MAGAZINES, INC and** | | |
| **MAYA PUBLISHING GROUP, LLC** | | |
| *Defendant* | § | |

## PLAINTIFFS MOTION FOR SUBSTITUTED SERVICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, **TERRY CANALES and ERICA CANALES**, and brings this Motion for Substituted Service pursuant to Tex. R. Civ. P. 106, and in support thereof, shows the court the following:

I.

Attempts to serve process on Defendant, **ELISA BERSTAIN** have been unsuccessful, as set out in the affidavit attached hereto and incorporated by reference herein.

II.

Reasonably effective notice of the suit may be given to the Defendant by having any person authorized by Tex. R. Civ. P. 103 leave a true copy of the citation, with a copy of the petition and order attached, with anyone 16 years of age or older at the location specified in the attached affidavit; or by attaching a true copy of the Citation and Petition and Order authorizing substituted service, securely to the front door or entry way at 10064 Toluca Lake Ave, Toluca Lake, CA, and if the property is protected by fence, by attaching securely to the gate at 10064 Toluca Lake Ave, Toluca Lake, CA ,or by such other order of the Court as it deems appropriate under the

**TAB 3**

Electronically Filed
6/23/2025 11:01 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

circumstances.

       **WHEREFORE, PREMISES CONSIDERED**, Movant prays that the Court grants this

Motion for Substituted Service, and for such other and further relief that may be awarded at law

or in equity.

Respectfully submitted,

**<u>By:</u>** *Billy, J. Chapa*

Texas Bar No. 24116187
BILLY J. CHAPA
ATTORNEY AT LAW, P.L.L.C.
310 S Closner Blvd
Edinburg, TX 78539
Tel. (956) 316-2223
Fax. (956) 316-2229
Attorney for Plaintiffs

**TAB 3**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E-file Terry Canales, Attorney at Law PLLC on behalf of Terry Canales
Bar No. 24052947
efile.tclaw@gmail.com
Envelope ID: 102292134
Filing Code Description: Motion for Substitute Service
Filing Description:
Status as of 6/24/2025 10:42 AM CST

Associated Case Party: Terry Canales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy JChapa | | bjchapa@rgvattorney.com | 6/23/2025 11:01:02 AM | SENT |

Associated Case Party: EricaECanales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy J.Chapa | | bjchapa@rgvattorney.com | 6/23/2025 11:01:02 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BILLY CHAPALAW | | CIBARRA@RGVATTORNEY.COM | 6/23/2025 11:01:02 AM | SENT |

**TAB 3**

Electronically Filed
7/1/2025 4:17 PM
Hidalgo County District Clerks
Reviewed By: Cassandra Esquivel

CAUSE NO. C-1692-25-F

| | | |
|---|---|---|
| **TERRY CANALES AND** | § | **IN THE DISTRICT COURT** |
| **ERICA CANALES** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **332ⁿᵈ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **ELISA BERISTAIN** | § | **HIDALGO COUNTY, TEXAS** |
| **MAYA MAGAZINES, INC and** | | |
| **MAYA PUBLISHING GROUP, LLC** | | |
| *Defendant* | § | |

**ORDER GRANTING**
**MOTION FOR SUBSTITUTED SERVICE**

On <u>July 2, 2025</u>, the Court considered Plaintiffs' Motion for Substituted Service on **DEFENDANTS, ELISA BERISTAIN**.

The Court finds that as to **DEFENDANT, ELISA BERISTAIN**:

1.      A licensed prosses server exercised due diligence to serve on **ELISA BERISTAIN** at 10064 Toluca Lake Avenue, Toluca Lake, CA 91602 and was unsuccessful.

2.      The manner of service ordered herein will be reasonably effective in giving **ELISA BERISTAIN**, notice of the suit.

**IT IS THEREFORE ORDERED** that service of citation may be made on **ELISA BERISTAIN** by affixing the Original Petition and Citation upon the door or gate of the residence at 10064 Toluca Lake Avenue, Toluca Lake, CA 91602.

Respondent's usual place of abode: 10064 Toluca Lake Avenue, Toluca Lake, CA 91602.

**IT IS FURTHER ORDERED** that proof of service shall be made by the person executing the return in accordance with the requirements of law.

**SIGNED** on ____<u>July 2</u>____, 2025.

<span style="color:red">**TAB 4**</span>

Electronically Filed
7/1/2025 4:17 PM
Hidalgo County District Clerks
Reviewed By: Cassandra Esquivel

_____

7/2/2025 11:37:30 AM

JUDGE PRESIDING

APPROVED AS TO FORM:

*Billy J. Chapa*
Texas Bar No. 24116187
BILLY J. CHAPA
ATTORNEY AT LAW, P.L.L.C.
310 S Closner Blvd
Edinburg, TX  78539
Tel. (956) 316-2223
Fax. (956) 316-2229
Attorney for Plaintiffs

**TAB 4**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E-file Terry Canales, Attorney at Law PLLC on behalf of Billy Chapa
Bar No. 24116187
efile.tclaw@gmail.com
Envelope ID: 102661847
Filing Code Description: Proposed Order
Filing Description: GRANTING MOTION FOR SUBSTITUTED SERVICE
Status as of 7/2/2025 8:34 AM CST

Associated Case Party: Terry Canales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy JChapa | | bjchapa@rgvattorney.com | 7/1/2025 4:17:54 PM | SENT |

Associated Case Party: EricaECanales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy J.Chapa | | bjchapa@rgvattorney.com | 7/1/2025 4:17:54 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BILLY CHAPALAW | | CIBARRA@RGVATTORNEY.COM | 7/1/2025 4:17:54 PM | ERROR |

**TAB 4**

Electronically Filed
7/9/2025 9:30 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena

CAUSE NO. C-1692-25-F

| | | |
|---|---|---|
| TERRY CANALES, ERICA CANALES | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | HIDALGO COUNTY, |
| | § | |
| ELISA BERISTAIN, § TELEVISAUNIVISION A/K/A § | § | |
| TELEVISA A/K/A UNIVISION A/K/A § TVNOTAS, GRUPO | | |
| TELEVISA | | |
| Defendant. | § | |

## <u>AFFIDAVIT IN SUPPORT OF SUBSTITUTE SERVICE</u>

"The following came to hand on **7/2/205**,


For delivery to **ELISA BERISTAIN, § TELEVISAUNIVISION A/K/A § TELEVISA A/K/A UNIVISION A/K/A § TVNOTAS, GRUPO TELEVISA**

1) Successful Attempt: Jul 5, 2025, 6:49 pm PDT at 10064 Toluca Lake Avenue, Toluca Lake, CA 91602 received by Front gate.

Affixed to front gate

I have made diligent efforts to deliver said papers to **ELISA BERISTAIN, § TELEVISAUNIVISION A/K/A § TELEVISA A/K/A UNIVISION A/K/A § TVNOTAS, GRUPO TELEVISA**. I have made numerous attempts at their residence address as described above and have posted my information to the front door of their residence. I believe an efficient way to effect service is by leaving a copy with anyone over 16 years of age or by securely attaching the Citation, with Plaintiff's Original Petition attached, with tape to the front door of **ELISA BERISTAIN**'s residence, where it is sure to be seen by someone at the residence, or in any other manner the affidavit or evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Josh Mills**, I am at least 18 years old, and my address is **10908 ETIWANDA AVE, PORTER RANCH, CA 91326-2830**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Los Angeles** County, State of **California**, on **July 06, 2025**.

_____

**Joshua Mills**

<span style="color:red">**TAB 5**</span>

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E-file Terry Canales, Attorney at Law PLLC on behalf of Billy Chapa
Bar No. 24116187
efile.tclaw@gmail.com
Envelope ID: 102905484
Filing Code Description: Affidavit
Filing Description: IN SUPPORT OF SUBSTITUTE SERVICE
Status as of 7/9/2025 10:23 AM CST

Associated Case Party: Terry Canales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy JChapa | | bjchapa@rgvattorney.com | 7/9/2025 9:30:13 AM | SENT |

Associated Case Party: EricaECanales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy J.Chapa | | bjchapa@rgvattorney.com | 7/9/2025 9:30:13 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BILLY CHAPALAW | | CIBARRA@RGVATTORNEY.COM | 7/9/2025 9:30:13 AM | ERROR |

**TAB 5**